der the Workmen's Compensation Act. Under the Act of 1911, if the parties cannot agree on any question of law or fact, then the question in dispute can only be settled by a board of arbitrators under section 10 of the Act (J. & A. ¶ 5459), which appellee contends was not properly passed and is invalid. Four of the counts do not attempt to plead any fact which takes the case out of the provisions of the Compensation Act. The validity of the act must therefore be passed upon on this appeal, and jurisdiction to pass on that question is in the Supreme Court alone, if the statute involved is either the foundation of some right asserted or some defense made. *Illinois Cent. R. Co. v. Chicago & G. W. R. Co.,* 246 Ill. 620. The question of the validity of the statute is argued by both parties, appellant insisting it is valid because the Supreme Court has held it valid in three cases, and appellee insisting it is invalid on a ground never before presented to the Supreme Court. We are of the opinion that the validity of the act is involved, and that this court has not jurisdiction of the cause. It is therefore transferred to the Supreme Court.

*Transferred to Supreme Court.*

---

**M. A. Rowe and Ella Rowe, Appellees, v. Paul Kuhn, Appellant.**

**·(Not to be reported in full.)**

Appeal from the Circuit Court of Clark county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Action by M. A. Rowe and Ella Rowe, plaintiffs, against Paul Kuhn, defendant, to recover rent due on

an oil lease. From a judgment for plaintiff, defendant appeals.

Samuel B. Scholfield and John J. Arney, for appellant.

Harry J. Buxbaum and Everett Connelly, for appellees.

Mr. Justice Thompson delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 367*—*when defense not considered on appeal.* A defense that is not raised in the trial court cannot be raised on appeal for the first time.

2. Frauds, Statute of, § 122*—*how defense of not raised.* The defense of the Statute of Frauds is not raised by a motion to direct a verdict.

3. Landlord and tenant, § 310*—*when lessor need not prove ownership.* Where a lessee, defendant in an action for rent, has accepted the lease and paid rent upon it, the failure of the lessors to prove ownership is immaterial.

4. Landlord and tenant, § 325a*—*when instruction in action for rent properly refused.* In an action to recover rent under an oil lease, instructions requested by defendant that if the jury believed from the evidence that the payments made by the defendant or his agent were optional then they should find for defendant, *held* properly refused where, while defendant held the lease, he prevented any contract being made with other parties to prospect for oil, and he had the right under the lease to reconvey and release any rights under the lease and thus prevent the accumulation of rents.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.